DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Derek Misquitta appeals from the judgment of the Akron Municipal Court in favor of appellee Advertising Tapes, Inc. We affirm.
On April 18, 1997, Advertising Tapes, Inc. ("Ad Tapes") filed a complaint in Akron Municipal Court against Derek Misquitta, d.b.a. Haircrafters. Ad Tapes alleged that Misquitta owed $350 for services rendered. The case was tried before a magistrate on May 9, 1997. Misquitta and a representative of Ad Tapes were present. On May 23, 1997, the magistrate issued a decision, finding in favor of Ad Tapes against Misquitta for $350. Misquitta filed objections to the magistrate's decision. The trial court overruled the objections on June 17, 1997. Misquitta now appeals to this court.
Misquitta asserts three assignments of error. However, we are unable to address Misquitta's assignments of error because his brief fails to conform with the Appellate Rules.
First, Misquitta's brief contains no legal argument or reference to any statutes or cases. An appellant's brief is required to contain a section devoted to argument and law, "with citations to the authorities, statutes, and parts of the record on which the appellant relies." App.R. 16(A)(7); Loc.R. 13(6). "This court may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." Akron v. Adams (Oct. 29, 1997), Summit App. No. 18389, unreported, at 3.
Second, Misquitta's brief is devoid of references to the record. "[T]his court `may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]' App.R. 12(A)(2)." Id.
Third, Misquitta did not attach the trial court's order to his brief. Under Loc.R. 13(8)(A) and (B), an appellant's brief must contain an appendix that includes a legibly reproduced copy of the judgment entry or opinion of the trial court. Misquitta's brief contains no appendix at all.
Due to these deficiencies, we are unable to find any error committed by the trial court. Accordingly, the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
BAIRD, P. J.
DICKINSON, J.
CONCUR.